IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-546-BO

| | | |
|---|---|---|
| CARLOS CORIA-SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNC CHARLOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge Robert B. Jones, Jr. [DE 4]. For the following reasons, the Court adopts the M&R and transfers the action to the Western District of North Carolina.

## BACKGROUND

Plaintiff, an employee at the University of North Carolina at Charlotte, alleges that he was denied tenure, salary increases, and promotion to full professor for discriminatory reasons in violation of Title VII of the Civil Rights Act. [DE 1-1, p. 4]. Plaintiff resides in Charlotte, defendant is located in Charlotte, and the events allegedly took place in Charlotte. *Id.* at 1–2, 4. Charlotte is located in the Western District of North Carolina. In December 2018, Magistrate Judge Jones entered the instant memorandum and recommendation (M&R) recommending that plaintiff's case be transferred to the Western District of North Carolina. [DE 4]. Plaintiff has not timely filed any objection to the M&R.

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*,

474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

As plaintiff has not timely filed any objection to the M&R, the Court reviews it for clear error. Venue is proper only in (1) "a judicial district where any defendant resides, if all defendants reside in the same State," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As plaintiff has made no allegations which would support proper venue in this district, venue would be proper in the Western District of North Carolina, and it would be in the interests of justice to transfer the action, there is no clear error on the face of the magistrate judge's order. The magistrate's recommendation is adopted.

## CONCLUSION

For the above reasons, the memorandum and recommendation of Magistrate Judge Jones [DE 4] is ADOPTED. The Clerk is DIRECTED to transfer this action to the United States District Court for the Western District of North Carolina.

SO ORDERED, this __11__ day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

2